**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MULTIWAVE SENSORS, INC.,**

        Plaintiff,

    vs.

                         **Case No.: 6:17-cv-00761-GAP-DCI**

**SUNSIGHT INSTRUMENTS, LLC,**

        Defendant.

_____/

## SUNSIGHT DEFENDANTS' ANSWER, AFFIRMATIVE DFENSES AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT (Dkt. 91)

Defendant Sunsight Instruments, LLC, ("Sunsight") hereby responds to the numbered paragraphs of Plaintiff, Multiwave Sensors, Inc.'s ("Multiwave") Amended Complaint (Dkt. 91) as follows:

1.    Sunsight lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly denied.

2.    Sunsight lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly denied.

3.    Sunsight admits it manufactures, sells and offers to sell the AAT-30 antenna alignment tool, otherwise denied.

4.    Sunsight admits this Court has jurisdiction over claims brought under the Patent Act; otherwise denied.

5.    Sunsight admits this Court has personal jurisdiction in this matter; otherwise denied.

6.      Sunsight admits venue is proper in this action; otherwise denied.

7.      Denied.

8.      Denied.

9.      Admit that Plaintiff filed a provisional U.S. patent application in 2010, a non-provisional application in 2011, and that the '779 Patent issued in 2013; otherwise denied.

10.     Sunsight lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly denied.

11.     Sunsight lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly denied.

12.     Sunsight lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Sunsight admits it sells products referred to as the AAT-08, AAT-15 and AAT-30; otherwise denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

**<u>First Defense:</u>**

Plaintiff's Complaint fails to state a claim against Sunsight upon which relief can be granted by failing to provide the detail required to state a claim for direct infringement and indirect infringement.

**<u>Second Defense:</u>**

Sunsight has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, either literally or under the doctrine of equivalents, and is not liable for any infringement of any valid or enforceable claim of the patent-in-suit.

**<u>Third Defense:</u>**

Upon information and belief, one or more claims of the patent-in-suit are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

**<u>Fourth Defense:</u>**

Plaintiff is barred by the doctrine of prosecution history estoppel from presenting any interpretation of the asserted claims inconsistent with prior statements made during prosecution and by such estoppel, cannot prove both validity and infringement.

**<u>Fifth Defense:</u>**

As a result of Plaintiff's fraud, inequitable conduct and violation of its duty to disclose during prosecution, the '779 Patent is unenforceable as set forth in Sunsight's counterclaim.

**<u>Sixth Defense:</u>**

Pursuant to 35 U.S.C. § 288, Plaintiff is not entitled to any costs for this action.

WHEREFORE, Sunsight respectfully request that this Court enter judgment against Plaintiff on Count I, deny all relief requested by Plaintiff, award Sunsight its costs and attorneys' fees, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Sunsight hereby requests a jury trial on all triable issues raised in or by Plaintiff's Amended Complaint.

## COUNTERCLAIM

Sunsight Instruments, LLC, ("Sunsight") through the undersigned counsel, Counterclaim against Multiwave Sensors, LLC ("Multiwave"), and states as follows:

## THE PARTIES

1. Counterclaimant Sunsight Instruments, LLC ("Sunsight"), is a Florida limited liability companies having offices at 125 Candace Drive, Maitland, FL 32751.

2. Upon information and belief, Counter Defendant Multiwave Sensors, Inc. ("Multiwave"), is a Canadian corporation incorporated under the laws of the Province of Ontario, headquartered in Bolton, Ontario.

## JURISDICTION AND VENUE

3. This is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 seeking a final judgment that Sunsight has not infringed Multiwave's United States patent, that Multiwave's United States patent is invalid pursuant to the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. §§ 101 *et seq.*), and that Multiwave's United States patent is unenforceable. The Court likewise has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as it involves

4

substantial claims arising under the patent laws of the United States together with related claims for patent infringement.

4.    Multiwave has subjected itself to *in personam* jurisdiction, since it has pursued legal action for patent infringement in this district and division against Sunsight, which resides in and manufactures the products at issue in Florida.

5.    Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§1391(b) and (c).

## FACTUAL BACKGROUND

6.    Sunsight manufactures and sells antenna alignment tools, including the Sunsight AAT Classic, and the AAT-XX systems. Among the systems sold by Sunsight are the AAT-08, AAT-15 and AAT-30 (hereinafter the "Accused Products").

7.    Provisional Patent Application No. 61/315,581 was filed on March 19, 2010, by Eduardo Krupnik on behalf of the named inventors.

8.    Application No. 61/315,581 identified as admitted prior art the Sunsight AAT, and included a poor quality image of the Sunsight AAT obtained from Sunsight promotional literature, along with Multiwave's annotations characterizing the "mounting arrangement" of the admitted prior art Sunsight AAT:

5



**PRIOR ART**

FIG. 1

9. The corresponding utility application, Serial No. 13/051,865, was filed by Eduardo Krupnik on behalf of the named inventors March 18, 2011, and originally included the same descriptive portion for the prior art Sunsight AAT along with the same informal drawing of FIG. 1 from the provisional patent application.

10. When the formal drawings were filed for Serial No. 13/051,865 by Eduardo Krupnik, a different FIG. 1 was provided as shown below, wherein the mounting arrangement was altered and the securing means deleted:

6



**FIG. 1** (PRIOR ART)

11.     In an Official Action mailed on March 28, 2012, all of the originally filed claims were rejected over the prior art, including the Applicant Admitted Prior Art ("AAPA") of the Sunsight AAT shown in  FIG. 1, the AAPA of SPAA shown in FIG. 2, and the examiner-cited Zimmerman et al. patent (6,232,928).

12.     On July 30, 2012, Eugene Gierczak filed amendments to the claims and arguments in response to the March 28, 2012, Office Action.

13.     In the July 30, 2012 response, Applicants and their agent, Gierczak, distinguished over the Sunsight AAT by mischaracterizing the Sunsight AAT tool, and specifically the securing means, arguing:

> FIG. 1 does not show an apparatus for removeably retaining an antenna in a reference position that is in reference to a back wall of the antenna during alignment of the antenna, said apparatus comprising a securing means attached to the bracket, said securing means being operable to retain the antenna in the reference position and including an adjustable flexible strap conformable to one or more of the front and side walls of the antenna, and a tightening mechanism operable to tighten and release the flexible strap to an appropriate tension in relation to the antenna, as is disclosed and claimed in the present application.

14. In the Examiner's Reasons for Allowance mailed on January 3, 2013, the examiner specifically adopted and relied on the mischaracterizations by inventors and their agents.

15. Additionally, Applicants and their agents failed to disclose the prior art clamp described in the specification (Column 6, line 48-Column 7, line 19) and shown best in Figure 3, which was commercially available prior to the filing of Multiwave's provisional application and itself described in U.S Patent No. 8,458,859, owned by Wolfcraft GmbH.

16. Upon information and belief, Multiwave is the owner of the U.S. Patent No. 8,436,779 ("the '779 Patent"), claiming priority back to Provisional Application No. 61/315,581 and Application No. 13/051,865, which issued on May 7, 2013, and is entitled "Apparatus for Aligning an Antenna in a Reference Position."

17. Multiwave alleges infringement of the '779 Patent by Sunsight, which presents a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to Sunsight's non-infringement, the invalidity and the unenforceability of the '779 Patent.

18. Sunsight has not infringed, directly or indirectly, any valid and enforceable claim of the '779 Patent, and cannot therefore be liable for infringement.

## **COUNT ONE**

Declaratory Judgment of Non-Infringement of the '779 Patent

19.     Count One is an action under 28 U.S.C. § 2201 seeking a Declaratory Judgment that the Sunsight does not infringe any valid and enforceable claim of the Patent-in-Suit.

20.     Sunsight herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-18, above, inclusive.

21.     No product or system made, used, sold or offered for sale by Sunsight infringes any valid claim of the '779 Patent.

22.     The conduct of Multiwave has presented a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to Sunsight's non-infringement of the '779 Patent.

23.     Wherefore, Sunsight is entitled to a Declaratory Judgment that it does not directly or indirectly infringe any valid claim of the '779 Patent, whether under a theory of literal infringement or infringement under the doctrine of equivalents.

24.     This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, Sunsight asks this Court to enter judgment against Multiwave:

    a)     Finding the Patent-in-Suit not infringed by any products of Sunsight;

    b)     Prohibiting Multiwave from making further claims of litigation against Sunsight for patent infringement;

9

c) Finding this case is exceptional under 35 U.S.C. §285, awarding Sunsight their attorneys' fees and costs; and

d) Such and other relief as the Court deems appropriate.

## COUNT TWO

Declaratory Judgment of Invalidity of the '779 Patent

25. Count Two is an action under 28 U.S.C. § 2201 seeking a Declaratory Judgment that the '779 Patent is invalid.

26. Sunsight herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-18, above, inclusive.

27. Upon information and belief, one or more claims of the '779 Patent is invalid for violation of one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

28. The conduct of Multiwave presents a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to the invalidity of the '779 Patent.

29. Wherefore, Sunsight is entitled to a Declaratory Judgment that the '779 Patent is invalid under 35 U.S.C. §§102, 103 and/or 112.

30. This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, Sunsight asks this Court to enter judgment against Multiwave:

a) Finding the '779 Patent invalid;

b) Prohibiting Multiwave from making further claims of litigation against Sunsight for patent infringement;

c) Finding this case is exceptional under 35 U.S.C. §285, awarding Sunsight their attorneys' fees and costs; and

10

d)      Such and other relief as the Court deems appropriate.

## COUNT THREE

Declaratory Judgment of Unenforceability of the '779 Patent

31.      Count Three is an action under 28 U.S.C. § 2201 seeking a Declaratory Judgment that the '779 Patent is unenforceable.

32.      Sunsight herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-18, above, inclusive.

33.      Upon information and belief, one or more claims of the '779 Patent is unenforceable due to inequitable conduct.

34.      At least as early as March 19, 2010, the named inventors and Agent Eduardo Krupnik had knowledge of and access to complete and correct details and photographs of the Sunsight AAT, as evidenced by Figure 1 of Application No. 61/315,581.

35.      During prosecution of the '779 Patent, Applicants Bruce Clifford, Mark Frischman, and Agent Eduardo Krupnik knowingly submitted replacement drawings of the admitted prior art Sunsight AAT that specifically deleted the securing means, which was a material misrepresentation of the admitted prior art.

36.      Upon information and belief, Bruce Clifford, Mark Frischman, and Agent Eduardo Krupnik intended to deceive the USPTO by using incomplete and inaccurate replacement drawing that were deceptive and false.

37.      Upon information and belief, but for the submission of replacement drawings that omitted the securing means in the admitted prior art, the '779 Patent would not have issued.

11

38.     During prosecution of the '779 Patent, Applicants Bruce Clifford, Mark Frischman, and Agent Eugene Gierczak submitted arguments that mischaracterized the securing means of the admitted prior art Sunsight AAT, which was a material misrepresentation of the admitted prior art.

39.     Upon information and belief, Bruce Clifford, Mark Frischman, and Agent Eugene Gierczak knew the arguments made mischaracterizing the admitted prior art Sunsight AAT to be deceptive and false.

40.     Upon information and belief, Bruce Clifford, Mark Frischman, and Agent Eugene Gierczak intended to deceive the USPTO by mischaracterizing the prior art with statements that were deceptive and false.

41.     Upon information and belief, but for the argument mischaracterizing the securing means of the admitted prior art Sunsight AAT, the '779 Patent would not have issued.

42.     Upon information and belief, Applicants and their agents knew of the prior art clamp described in the specification (Column 6, line 48-Column 7, line 19) and shown best in Figure 3, which was commercially available prior to the filing of Multiwave's provisional application and itself described in U.S Patent No. 8,458,859, owned by Wolfcraft GmbH.

43.     Upon information and belief, Applicants and their agents failed to disclose the commercially-available prior art clamp with the intent to deceive the USPTO by withholding material information regarding the prior art clamp.

44.     Upon information and belief, but for the failure to disclose the prior art clamp, the '779 Patent would not have issued.

12

45.     Wherefore, Sunsight is entitled to a Declaratory Judgment that the '779 Patent is unenforceable due to inequitable conduct.

46.     The conduct of Multiwave presents a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to the unenforceability of the '779 Patent.

47.     This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, Sunsight asks this Court to enter judgment against Multiwave:

e)     Finding the '779 Patent uninforceable;

f)     Prohibiting Multiwave from making further claims of litigation against Sunsight for patent infringement;

g)     Finding this case is exceptional under 35 U.S.C. §285, awarding Sunsight their attorneys' fees and costs; and

h)     Such and other relief as the Court deems appropriate.

## JURY DEMAND

Sunsight demands a jury trial on all issues so triable.

Respectfully submitted on May 19, 2017 by:

/s/ Ryan T. Santurri_____
Ryan T. Santurri, FL Bar No. 015698
rsanturri@allendyer.com
Brian R. Gilchrist, FL Bar #774065
bgilchrist@allendyer.com
ALLEN, DYER, DOPPELT
& GILCHRIST, P.A.
255 South Orange Avenue, #1401
Orlando, FL  32801
Telephone:     (407) 841-2330
Facsimile:      (407) 841-2343

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2017, I electronically filed the foregoing using

the Case Management/Electronic Case Filing ("CM/ECF") system which will send a

Notice of Electronic Filing to the following CM/ECF participants:

Anthony H. Handal
handal@HandalGlobal.com
HANDAL & MOROFSKY, LLC
420 Lexington Avenue, Suite 300,
New York, NY 10170
Telephone: (646)-770-1010
*Attorneys for Plaintiff*

/s/Ryan T. Santurri_____
Ryan T. Santurri, FL Bar #15698

14