**ALLEN**

**DYER**

**DOPPELT**

**MILBRATH &**

**GILCHRIST, P.A.**

INTELLECTUAL PROPERTY ATTORNEYS

| | | |
|---|---|---|
| Herbert L. Allen | Jeffrey S. Boyles | <u>Registered Patent Agent</u> |
| Ava K. Doppelt | Ryan T. Santurri | W. Grace Zhao, Ph.D. |
| Stephen D. Milbrath | Robert H. Thornburg | |
| Brian R. Gilchrist | Jack G. Abid | |
| Christopher F. Regan | David S. Carus | |
| David L. Sigalow | Justin R. Sauer | |
| Richard K. Warther | Allison R. Imber | |
| Michael W. Taylor | Jaafar Choufani | |
| John F. Woodson II | Matthew G. McKinney | **Reply to: Orlando office** |
| Stephen H. Luther | Brock A. Hankins | **cregan@addmg.com** |

March 18, 2016

Anthony H. Handal, Esq.
Handal & Morofsky, LLC
83 East Avenue, Third Floor
Norwalk, CT 06851

Re:    Civil Action No. 1:16-cv-01361-GHW
       <u>ADDMG Ref. 61083</u>

Dear Mr. Handal:

We represent Sunsight in its intellectual property matters, and have reviewed your patent infringement complaint filed on behalf of Multiwave Sensors Inc. against Sunsight. Sunsight is the pioneer in the technology, has its own valuable intellectual property rights, and has the policy of respecting the valid intellectual property rights of others.

Sunsight requests that Multiwave dismiss the patent infringement suit, because there can be no basis to assert infringement which would not necessarily result in the '779 patent being deemed invalid.

It is an axiom of patent law that a product which would literally infringe if later in time anticipates if earlier. We have carefully studied the asserted '779 patent, and believe that the accused Sunsight tool (models AAT-30, AAT-15 and AAT-08) is structurally and functionally the same as the prior art Sunsight tool. Accordingly, Sunsight has no liability for its current version of the tool. Moreover, should Multiwave continue to pursue its claim of infringement, Sunsight points out there have also been substantial misrepresentations to the U.S. Patent and Trademark Office regarding the prior art Sunsight tool, that would likely result in a finding of inequitable conduct and unenforceability of the '779 patent.

Our analysis is provided below.

**Orlando Office (Main)**
255 South Orange Ave.
Suite 1401
Orlando, FL 32801
Mail To: P.O. Box 3791
Orlando, FL 32802-3791

tel: 407-841-2330
fax: 407-841-2343

**Winter Springs Office**
1135 E. State Road 434, Suite 3001
Winter Springs, FL 32708
tel: 407-796-5051  fax: 407-796-5065

**Miami Office**
1221 Brickell Ave., Suite 2400
Miami, FL 33131
tel: 305-374-8303  fax: 305-374-8306

**Jacksonville Office\***
4720 Salisbury Road
Jacksonville, FL 32256
tel: 904-398-7000  fax: 904-398-7003

**Tampa Office\***
2202 N. West Shore Blvd., Suite 200
Tampa, FL 33607
tel: 813-639-4222  fax: 407-841-2343
\*Satellite Office

# EXHIBIT B





www.addmg.com

Anthony H. Handal, Esq.
March 18, 2016
Page 2

---

## I. The '779 Patent File History

The '779 patent resulted from a provisional patent application no. 61/315,581 filed on March 19, 2010. Of interest, the provisional included FIG. 1 (reproduced below) which is a low resolution black and white photo of the prior art Sunsight tool with text added by Applicant.



PRIOR ART

Specifications

| | |
|---|---|
| Azimuth Accuracy | +/- 2.0° |
| Tilt Accuracy | +/- 0.25° |
| Roll Accuracy | +/- 0.25° |
| Height Accuracy | +/- 1' @ 300' |
| Weight | 5 lbs |

Antenna to be aligned.

In this mounting arrangement (Side mount) there will be multipath errors. The GPS antennas on the Sunsight system are below the antenna to be aligned.

GPS Antennas on Sunsight system.

FIG. 1

The associated descriptive portion of the provisional application described the prior art Sunsight tool as follows:

> *A multitude of prior art solutions are currently in use for azimuth alignment of panel antennae. Currently, the most accurate alignment apparatus are those that are mounted directly to the antenna during installation and servicing.*
>
> *Sunsight™ [sic] is the manufacturer of one such system that can be mounted either to the side or top of the antenna. The Sunsight system includes GPS antennae that are used to determine the azimuth of the panel antenna to be aligned. When mounted to the side of the antenna (see Fig. 1), multipath errors are introduced because the GPS antenna are disposed below the antenna to be aligned. When mounted on top of the antenna to be aligned, there can be no guarantee that the system is aligned along a plane from which azimuth is*

Anthony H. Handal, Esq.
March 18, 2016
Page 3

_measured, as the top of the antenna may not be completely flat or parallel to such a plane. Furthermore, the system includes a plurality of buttons that, when pressed with any force, will cause the system to be out of alignment._

The corresponding utility application, serial no. 13/051,865, was filed March 18, 2011 and originally included the same descriptive portion for the prior art Sunsight tool along with the same informal drawing of FIG. 1 from the provisional.

When the formal drawings were filed for the utility application, a completely different FIG. 1 was provided as shown below, wherein the securing means including the adjustable flexible strap was simply deleted.



**FIG. 1** (PRIOR ART)

Submitted as formal drawing replacement

The specification was preliminarily amended to add the text deleted from informal FIG. 1. In response to a restriction requirement, only apparatus claims were thereafter pursued.

In a first substantive Official Action, all of the originally filed claims were rejected over the prior art, including the Applicant Admitted Prior Art (AAPA) of the Sunsight tool shown in FIG. 1, the AAPA of FIG. 2, and the cited Zimmerman et al. patent (6,232,928).

Anthony H. Handal, Esq.
March 18, 2016
Page 4

_____

In response to the rejection of all of the claims, Claim 1 was extensively amended as follows, where underlining shows added limitations, and strikethrough shows deletions.

*1. (As amended)  An apparatus for <u>removeably</u> retaining an antenna in a reference <u>position that is in reference to a back wall of the antenna</u> during alignment of the antenna, said apparatus comprising:*

*a) a bracket <u>incorporating a bracket arm</u> being conformable to <u>one or more walls of the antenna, including at least</u> the back wall of the antenna<u>, and a mounting brace substantially perpendicular to the bracket arm</u>;*

*b) a securing means attached to the bracket, said securing means being operable to retain the antenna in the reference position <u>and including an adjustable flexible strap conformable to one or more of the front and side walls of the antenna, and a tightening mechanism operable to tighten and release the flexible strap to an appropriate tension in relation to the antenna</u>; and*

*c) an alignment device attached to the mounting <u>brace</u> ~~bracket~~, said alignment device <u>being moveable to a variety of positions, and said alignment device</u> being operable to align the antenna <u>and to determine the alignment of the antenna with reference to the back wall of the antenna</u>.*

In the arguments asserting patentabilty of the amended claim, Applicant also made the following mischaracterizations of the prior art Sunsight tool as follows:

*<u>FIG. 1 **does not show**</u> an apparatus for removeably retaining an antenna in a reference position that is in reference to a back wall of the antenna during alignment of the antenna, said apparatus comprising <u>a securing means attached to the bracket</u>, said securing means being operable to retain the antenna in the reference position and <u>including an adjustable flexible strap</u> conformable to one or more of the front and side walls of the antenna, and <u>a tightening mechanism</u> operable to tighten and release the flexible strap to an appropriate tension in relation to the antenna, as is disclosed and claimed in the present application. (Emphasis added).*

In the Examiner's Reasons for Allowance, the Examiner adopted and relied upon Applicant's mischaracterizations that the prior art did not teach or suggest the apparatus including the limitations of the securing means and alignment device as recited in amended Claim 1.

Anthony H. Handal, Esq.
March 18, 2016
Page 5

_____

## II.  The Prior Art Sunsight Tool and the Accused Sunsight Tool

The prior art Sunsight tool and the accused Sunsight tool are shown in FIGS. A-C below. In FIG. A, the bracket, securing means and alignment device are shown, with the prior art Sunsight tool being shown in the upper position and the accused Sunsight tool being shown in the lower position.  FIGS. B and C are similar, but are views from different angles and with the alignment device removed so that the bracket and securing means are more clearly shown.  The adjustable flexible straps and tightening mechanisms are clearly visible.



FIG. A

Prior Art Sunsight Tool (Upper)
Accused Sunsight Tool (Lower)

Anthony H. Handal, Esq.
March 18, 2016
Page 6

Adjustable strap prior





Adjustable strap accused

FIG. B                                      FIG. C

Prior Art Sunsight Tool (Upper) with Alignment
Device Removed for Clarity

Accused Sunsight Tool (Lower) with Alignment
Device Removed for Clarity

As is readily apparent, using the language from the '779 patent, each tool includes a bracket, a securing means including a flexible strap and tightening mechanism, and an alignment device attached to the bracket. In other words, the prior art Sunsight tool and the accused Sunsight tool are structurally and functionally the same.

Anthony H. Handal, Esq.
March 18, 2016
Page 7

---

### III. Conclusions

The above analysis establishes that if Multiwave asserts the accused Sunsight tool infringes, then necessarily the prior art Sunsight tool anticipates independent Claim 1 and renders it invalid. In addition, should Multiwave assert that any of the dependent claims of the '779 patent are infringed by the accused Sunsight tool, those claims would also be anticipated by the prior art Sunsight tool. Accordingly, Sunsight requests that you dismiss the pending action.

Sincerely,

Christopher F. Regan

CFR:blg