# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MULTIWAVE SENSORS, INC.,**

  **Plaintiff,**

**v.**              Case No: 6:17-cv-761-Orl-31DCI

**SUNSIGHT INSTRUMENTS, LLC,**

  **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. 93) and Defendant's Response (Doc. 96).

This is a patent case. Plaintiff, Multiwave Sensors, Inc. ("Multiwave"), contends that Defendant, Sunsight Instruments, LLC ("Sunsight"), has infringed its patent No. '779 (Doc. 91). Sunsight denies infringement and counterclaims in Count III that the '779 patent is unenforceable due to inequitable conduct (Doc. 92).

The '779 patent covers an apparatus used to align a cell phone antenna. It contains a single independent claim (Claim 1) and 14 dependent claims. The apparatus in Claim 1 has three components: (a) a bracket incorporating a bracket arm being conformable to one or more walls of the antenna including at least the back wall and a perpendicular mounting brace; (b) a securing means attached to the bracket with an adjustable flexible strap conformable to the front and side walls of the antenna and a tightening mechanism used to obtain appropriate tension; and (c) a moveable alignment device to determine the alignment of the antenna with reference to the back wall of the antenna.

Sunsight manufactures and sells a similar device that was recognized as prior art by Multiwave in its patent application. In its counterclaim, Sunsight contends, *inter alia*, that during prosecution of the '779 patent, Multiwave knowingly submitted inaccurate drawings of and mischaracterized Sunsight's prior art regarding the securing means, and also knowingly failed to disclose a commercially available prior art clamp with intent to deceive the USPTO. But for these deceptions, Sunsight claims the '779 patent would not have issued.

Plaintiff has moved to dismiss the counterclaim and strike related affirmative defenses pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that it does not meet the pleading standard under Rule 8(a). The Court disagrees. The counterclaim gives fair notice of the claim asserted and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

An inequitable conduct claim has two substantive elements: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc*., 575 F.3d 1312, 1327 n. 3 (Fed. Cir. 2009) (citing *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co*., 537 F.3d 1357, 1365 (Fed. Cir. 2008)). When pleading inequitable conduct, the Federal Circuit requires that a party allege "the who, what, when, where and how" of the alleged inequitable conduct. *See Exergen, 575 F.3d at 1327 (citation and quotation marks omitted).* All of these requirements are met by Sunsight's counterclaim. It is, therefore

**ORDERED** that the Plaintiff's Motion is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 27, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party